NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES DEAN NAGY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1154

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00511-ZNS, Judge Zachary N. Somers.

---

Decided:  May 8, 2026

---

JAMES DEAN NAGY, Highland, CA, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, CUNNINGHAM, *Circuit Judge*, and KOVNER, *District Judge*.[1]

PER CURIAM.

James Dean Nagy appeals an order of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Nagy filed a complaint in the Court of Federal Claims seeking monetary relief from alleged civil rights violations, including the wrongful deprivation of Supplemental Security Income (SSI) by two Social Security Administration offices. Appx. 9–11.[2] The Government moved to dismiss for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. Appx. 2. The Court of Federal Claims granted the government's motion and dismissed Mr. Nagy's complaint for lack of subject matter jurisdiction. Appx. 1. Mr. Nagy appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Court of Federal Claims has subject matter jurisdiction. *112 Genesee St., LLC v. United States*, 166 F.4th 1017, 1021 (Fed. Cir. 2026). The Tucker Act grants the Court of Federal Claims subject matter jurisdiction for "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases

---

[1] Honorable Rachel P. Kovner, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

[2] "Appx." refers to the appendix attached to the Government's brief.

not sounding in tort." 28 U.S.C. § 1491(a)(1). Under the Tucker Act, a plaintiff must identify a money-mandating source of law, which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Independent of the Tucker Act, 28 U.S.C. § 1500 precludes the Court of Federal Claims from exercising subject matter jurisdiction over "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500; *see Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (explaining 28 U.S.C. § 1500 "generally prohibits simultaneous actions against the government in separate forums").

The Court of Federal Claims concluded 28 U.S.C. § 1500 barred jurisdiction because, at the time Mr. Nagy filed his complaint, he had directly related claims for SSI benefits pending in the U.S. District Court for the Central District of California. Appx. 4–5. The court also held that "even if [Mr. Nagy's] complaint were not barred by section 1500, it would nonetheless face dismissal . . . [because] Mr. Nagy's claims do not sufficiently allege any express or implied-in-fact contract with the United States or any money-mandating provision of law." *Id.* at 5.

We agree with the Court of Federal Claims that Mr. Nagy's claims do not fall within the jurisdictional scope of the Tucker Act, and we thus do not reach the application of 28 U.S.C. § 1500's jurisdictional bar. On appeal, Mr. Nagy fails to identify any error in the Court of Federal Claims' jurisdictional analysis. Appellant Br. 1–3. He simply asks us to reverse the court's judgment and award fourteen months of back pay for alleged wrongdoing involving the Social Security Administration's SSI determinations. *Id.* Our precedent is clear, however, that "the [Court of Federal Claims] has no jurisdiction under the Tucker

Act . . . over claims to social security benefits." *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). And while Mr. Nagy appears to complain his case "did not go to trial" and "was not seen by a jury," Appellant Br. 1–2, he is not entitled to a trial in a court lacking jurisdiction over his claims. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") Because the Court of Federal Claims lacked subject matter jurisdiction over Mr. Nagy's claims, dismissal was appropriate.

## CONCLUSION

We have considered Mr. Nagy's remaining arguments and find them unpersuasive. We are sympathetic to Mr. Nagy's representation that he is a "novice" to the judicial process. Appellant Br. 3. His status as an inexperienced pro se litigant, however, does not relieve him of jurisdictional requirements. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023). Accordingly, we *affirm*.

**AFFIRMED**

## COSTS

No costs.